Wright, J.
With regard to the matter of continuance, Diebold, the defendant, was in Oiucinuati at the time his trial came on, aud avers that he was sick there and unable to travel. The fact of any serious indisposition is severely contested, and the matter is so doubtful in its appearance, that a court of error could not undertake to interfere. Questions of this kind are within the sound discretion of the court before which the cause is pending, and nothing short of an abuse of that discretion would justify a reversal. Perhaps a case might be made, where a reviewing court would be called upon to act, but such is not "the case before us.
Plaintiffs below claimed that the contract was to deliver 28,000 feet of lumber, on the cars at Richwood, and gave evidence tending to prove that state of ease. Upon the other hand, defendant, Diebold, claimed the contract to be, that the lumber was to be delivered on the cars at Marion ; *176 Richwood being the beginning, and Marion the end of the route. If the contract clearly was, or was admitted to be as plaintiffs claimed it, and that the lumber was deliverable at Richwood, there might have been some degree of plausibility in rejecting the testimony of Decker and Graham. That testimony went to show this state of fact.
The railroad books and agents tended to prove, in fact did prove, as there was no contradiction of them, that in October and November, 1870, six car loads of lumber and no more were shipped from Richwood to Diebold at Marion. Decker’s evidence is to the effect that he shipped three of these car loads himself to Diebold, -so that there were only three car loads left for Powell & Co. to have shipped. The evidence tends to show that Diebold did receive about the amount of three car loads, for which he paid, but he denies having received any more.
If plaintiffs’ view of the case is correct, and the lumber was deliverable at Richwood, it might be irrelevant to show how much was received at Marion. But now comes the defendant and takes issue with the plaintiff', affirming that the lumber was not deliverable at Richwood, but at Marion. If this latter view is correct, it is all important to show that no more than three car loads came to Marion, consigned to him. This he offered to do by showing .that but six cars in all came over the railroad, to him, during the time covering' the transaction. Then Decker shows that of these six he sent three, leaving but three for .Powell, which were received and paid for.
There was error, therefore, in excluding the testimony of Decker and Graham, and for this the judgment must be reversed.

Judgment accordingly.